IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

v.                                                        Civil No. 1:17cv79-HSO
                                                             Criminal No. 1:12cr108-HSO-JMR-2

NIKIA DANYELLA BURTS

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S
MOTION [94] TO VACATE, SET ASIDE, OR CORRECT SENTENCE
FILED PURSUANT TO 28 U.S.C. § 2255 AND DENYING DEFENDANT'S
MOTION [95] FOR RELIEF UNDER THE INTERESTS OF JUSTICE**

BEFORE THE COURT are the Motion [94] to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and the Motion [95] for Relief under the Interests of Justice, filed pursuant to 28 U.S.C. § 2255 by Defendant Nikia Danyella Burts ("Burts" or "Defendant"). Defendant seeks to set aside his June 5, 2013, Judgment of Conviction [81] for conspiracy to possess with intent to distribute cocaine hydrochloride in violation of 21 U.S.C. § 846 on grounds that his sentencing enhancement as a career offender was improper. Having considered the issues presented, the record, and relevant legal authority, the Court is of the opinion that Burts is not entitled to relief and that the Motions [94], [95] should be denied without an evidentiary hearing.

I.     BACKGROUND

A.     Factual Background

The United States of America ("the Government") filed a Criminal Complaint

1

[1] on November 29, 2012, alleging that Defendant and two co-defendants violated 21 U.S.C. § 846 by conspiring to possess with intent to distribute a controlled substance, specifically more than 500 grams but less than 5 kilograms of cocaine hydrochloride. Compl. [1] at 1. On December 12, 2012, a Grand Jury returned an Indictment [26] charging Defendant with two criminal counts: (1) conspiracy to possess with intent to distribute more than 500 grams of cocaine hydrochloride, as prohibited by 21 U.S.C. § 846; and (2) attempt to possess with intent to distribute more than 500 grams of cocaine hydrochloride, as prohibited by 21 U.S.C. § 846. Indictment [26] at 1.

Defendant ultimately entered into a written Plea Agreement [65] with the Government and pleaded guilty to Count One of the Indictment [26] on February 20, 2013. Minute Entry Feb. 20, 2013. Pursuant to the Plea Agreement [65], Defendant expressly waived "the right to contest the conviction and sentence or the manner in which the sentence was imposed in any post-conviction proceeding, including but not limited to a motion brought under Title 28, United States Code, section 2255." Plea Agreement [65] at 4-5.

Prior to sentencing, the United States Probation Office prepared a Presentence Investigation Report ("PSR") as to Burts. Applying the United States Sentencing Commission 2012 Guidelines Manual ("Guidelines") § 2D1.1(c)(4), the PSR calculated Burts' base offense level as 32. PSR [79] at 11. The PSR recommended that Burts' sentence was subject to enhancement as a career offender

pursuant to § 4B1.1, which provides that

> [a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a). § 4B1.2 defines "controlled substance offense" as

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 4B1.2.

The PSR concluded that Burts met the criteria to be classified as a career offender under § 4B1.1(a) of the Guidelines. PSR [79] at 10. § 4B1.1(a)(1) and (2) were satisfied because Burts was over 18 years old at the time he committed the instant offense of conviction, which was a felony that qualified as a controlled substance offense. *Id.*

The PSR determined that § 4B1.1(a)(3) was also satisfied because Burts had two prior felony convictions that qualified as controlled substance offenses. *Id.* Burts previously pleaded guilty in this Court and was sentenced on June 14, 2004, for conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846.[1] *See* Criminal No. 1:03cr93-WJG-4. Burts was also convicted in 1999 of

---

[1] Burts does not dispute that his 2004 federal conviction for conspiracy to possess cocaine with intent to distribute is a controlled substance offense within the meaning of § 4B1.2.

3

possession with intent to deliver between 4 and 200 grams of cocaine, a felony of the first degree, in Harris County, Texas.[2] *See* Harris Cty., Tex., Cause # 817,611; TEX. HEALTH & SAFETY CODE ANN. § 481.112 (hereafter referred to as "§ 481.112").

The Guidelines instruct that the base offense level for a career offender, as set forth in a table in subsection § 4B1.1(b), shall apply instead if that offense level is greater than the otherwise applicable base offense level. U.S.S.G. §4B1.1(b). The base offense level for a career offender pursuant to § 4B1.1(b) was 34 and was applied to Burts because it was greater than the otherwise applicable offense level of 32. PSR [79] at 9-10. After a three-level adjustment for acceptance of responsibility, Burts' total offense level was 31. *Id.* at 11.

Burts' criminal convictions resulted in a criminal history score of 12, which placed him in a criminal history category of V. *Id.* at 14. However, because Burts qualified for career offender status, his criminal history category was automatically elevated to VI, as mandated by §4B1.1(b). *Id.* The PSR thus recommended an imprisonment range under the Guidelines between 188 months and 235 months

---

[2] The PSR's summary of Burts' criminal history revealed that Burts was also convicted in 1998 of unlawful possession of between 5 pounds and 50 pounds of marijuana, a felony of the third degree, in Chambers County, Texas. *See* Chambers Cty., Tex., Cause # 10,255; TEX. HEALTH & SAFETY CODE ANN. § 481.121(b)(4). This prior felony conviction does not constitute a "controlled substance offense" under the Guidelines because it only involved possession of a controlled substance and was not coupled with the "intent to manufacture, import, export, distribute, or dispense" required by § 4B1.2. Burts had also been previously sentenced for the following misdemeanors that did not constitute controlled substance offenses under the Guidelines: possession of marijuana in 1997 in Pascagoula, Mississippi, Municipal Court; possession of cocaine and jail escape in 1999 in the Circuit Court of Jackson County, Mississippi; and simple assault in 2010 in D'Iberville, Mississippi, Municipal Court. PSR [79] at 12-13.

4

based upon an offense level of 31 and a criminal history category of VI. *Id.* at 18. Burts submitted no objections to the PSR.

On June 5, 2013, the Court sentenced Burts to 170 months imprisonment as to Count One and dismissed Count Two of the Indictment [26] on the Government's Motion. Minute Entry June 5, 2013. The Court also sentenced Burts to four years of supervised release, a $5,000.00 fine, and a $100.00 special assessment. J. [81] at 3, 5. Neither Defendant nor his counsel filed an appeal of the Judgment of Conviction [81] within the time afforded by the Federal Rules of Appellate Procedure. *See* Mot. [94] at 2.

B.  Procedural History

    A. Motions [94], [95] in Criminal No. 1:12cr108-HSO-JMR-2

Proceeding pro se, Defendant filed the instant Motion [94] to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 on March 16, 2017. On the same day, Burts also filed a separate Motion [95] to "be construed as the motion for relief under the interests of justice." Mot. [95] at 1. Although the Motion [95] appears to be titled "Motion to construe petition as 2255 (f) (4) or Under the All writs act or Motion pursuant to 28 USC 2255 (f) (3)," it is not in the standard form required by Rule 2 of the Rules Governing Section 2255 Proceedings for the United States District Courts ("Section 2255 Rules").

Burts asserts that he is bringing both Motions [94], [95] pursuant to § 2255(f)(3) or, in the alternative, § 2255(f)(4), and both petitions set forth the same

5

grounds for relief. *See* Mot. [94] at 1; Mot. [95] at 1. Furthermore, Burts' § 2255 Motion [94] instructs the Court to "see memorandum of law," although no separate memorandum was filed. Mot. [94] at 4, 5. The Court construes the Motion [95] as a memorandum filed in support of the Motion [94] to Vacate pursuant to § 2255 that was filed the same day.

Burts asks the Court to vacate his sentence and remand the case for resentencing without the career offender enhancement. *Id.* at 13. Burts contends that the career offender enhancement applied in computing his sentence was improper because his prior Harris County, Texas, conviction for possession with intent to deliver between 4 and 200 grams of cocaine in violation of § 481.112 may no longer serve as a predicate controlled substance offense under the Guidelines pursuant to the United States Supreme Court's relevant decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016). *Id.* at 4. Burts also relies on *Hinkle v. United States*, 832 F.3d 569 (5th Cir. 2016), and *United States v. Tanksley,* 848 F.3d 347 (5th Cir.) (on rehearing), supplemented, 854 F.3d 284 (5th Cir. 2017), direct appeals in which the United States Court of Appeals for the Fifth Circuit held that a conviction pursuant to TEXAS HEALTH & SAFETY CODE ANN. § 481.112 does not qualify as a "controlled substance offense" sufficient to support an enhancement under § 4B1.2 of the Guidelines, based upon the analysis in *Mathis*. Mot. [95] at 1, 5.

Burts contends that his § 2255 Motion [94] is not time-barred because "[i]t is

6

within AEDPA limitations period of 2255 (f) (3) and 2255 (f) (4) and change of law." Mot. [94] at 12. Defendant contends that § 2255(f)(3), which provides for a one-year limitations period to file a § 2255 motion beginning on the date a right asserted was initially recognized by the United State Supreme Court and made retroactive to cases on collateral review, contemplates newly-recognized statutory rights in addition to constitutional rights. Mot. [95] at 3 (citing *Bailey v. United States*, 516 U.S. 137 (1995)). Burts maintains that *Mathis* applies retroactively on collateral review because it "alters the punishment phase" and "consists of the Supreme Court's interpretation of a statute." *Id*. at 4. Additionally, Burts argues that the statute "does not require that the retroactivity determination must be made by the United States Supreme Court itself," but rather that the Fifth Circuit may make a Supreme Court decision retroactive. *Id.* at 3 (citing *United States v. Lopez*, 248 F.3d 427 (5th Cir. 2001)).

In the alternative, Defendant contends that § 2255(f)(4), which provides for a one-year limitations period beginning on the date on which facts supporting the claim could have been discovered through the exercise of due diligence, applies "where the relief requested is diligent within one year of learning of the error." *Id.* at 4. Defendant does not allege that he has discovered any new facts to support his claim, but instead cites *Hinkle* and *Tanksley,* both decided within one year prior to the filing of his Motion [94].

With respect to the waivers contained in his Plea Agreement [65], Defendant

argues that they may not be enforced "because he never waived the fact that he could not attack his sentence if the law changed." *Id.* at 2. Burts further maintains that he could not have challenged his sentence on appeal or in an earlier post-conviction petition because "relief was estopped" and foreclosed by Fifth Circuit precedent at the time, specifically by *Ford v. United States*, 509 F.3d 714 (5th Cir. 2007). Mot. [94] at 4-5; *see also* Mot. [95] at 9 (stating "the diligence was recognized in Hinkle, Mathis, and Tanksly [sic] decisions and an earlier attack was foreclosed by circuit law.").

Despite taking the position that *Mathis* set forth a new right that could not have been asserted prior to the decisions in *Hinkle* and *Tanksley,* Defendant nevertheless claims that "counsel was ineffective for no[t] arguing this assertion on Direct Appeal and sentencing based on these legal perspectives." Mot. [95] at 6. Burts also attached an Affidavit and Declaration asserting that he "told counsel to object to the PSR and to the 4b1.1 enhancement based on the fact that sell was included in the statu[t]e." *Id.* at 9.

The Government filed a Response [97] opposing Burts' § 2255 Motion [94] on April 13, 2017. The Government takes the position that the knowing and voluntary waiver in Burt's Plea Agreement of the right to collaterally attack his sentence should be enforced. Resp. [97] at 4. The Government further contends that, because Burts did not appeal his conviction, he may not raise an issue for the first time on collateral review without showing both cause for the procedural default

8

and actual prejudice from the error. *Id.* at 2 (citing *United States v. Frady*, 456 U.S. 152, 168 (1982)). While ineffective assistance of counsel may sometimes constitute cause for failing to raise an issue on appeal, the Government maintains that Burts cannot meet the standard established in *Strickland v. Washington*, 466 U.S. 668, 687-688 (1984), to show that his counsel was ineffective because, prior to the decisions in *Mathis* and *Hinkle*, Burts' prior convictions qualified for the career offender enhancement such that his counsel was not ineffective for failing to challenge the enhancement. *Id.* at 2-3.

B. <u>Motion [132] in Criminal No. 1:03cr93-WJG-4</u>

In addition to the two instant Motions [94], [95] filed in this proceeding (Criminal No. 1:12cr108-HSO-JMR-2), Burts also filed another § 2255 Motion [132] on April 28, 2017, in a different criminal case in this Court in which he was a defendant, Criminal No. 1:03cr93-WJG-4. That Motion [132] refers to both sentences Burts received in 2004 and in 2013, and it raises no grounds for relief other than the challenge to the career offender enhancement related to Burts' 2013 sentence in Criminal No. 1:12cr108-HSO-JMR-2. Burts did not receive a sentencing enhancement as a career offender in the earlier case, in which he was sentenced on June 14, 2004, for conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846. *See* Criminal No. 1:03cr93-WJG-4.

Burts submitted a supporting Memorandum [133] entitled "Memorandum of law in support of Motion To Supplement 2255(f)(4) or Construe 2255 Which Is

Cognizable Relief Under All Writs Act or 2255(f)(3)."  The Memorandum [133] consists of a single paragraph directing the Court to consider two cases related to the career offender enhancement at issue which he had not previously cited in support of his § 2255 Motion [94]: (1) *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016); and (2) *Hill v. United States,* No. A-06-CR-253-SS, 2016 U.S. Dist. LEXIS 171363 (W.D. Tex. Dec. 9, 2016), vacated by *Hill v. United States*, Nos. A-16-CA-1111-SS; A-06-CR-253-SS, 2017 U.S. Dist. LEXIS 55681 (W.D. Tex. Apr. 11, 2017).[3]

The § 2255 Motion [132] concerning the career offender enhancement has no applicability to Burts' 2004 sentence in Criminal No. 1:03cr93-WJG-4 and appears to have been filed in that case in error.  It is apparent that Burts is not challenging his 2004 sentence in that case, but rather intended the § 2255 Motion [132] to supplement the instant Motions [94], [95] filed in Criminal No. 1:12cr108-HSO-JMR-2.  The Court construes the § 2255 Motion [132] filed in Criminal No. 1:03cr93-WJG-4 as a Motion to Supplement the previously filed § 2255 Motion [94] in Criminal No. 1:12cr108-HSO-JMR-2.  Having considered the supplemental authority cited in the Motion [132], the Court concludes that it does not alter the

---

[3] Burts' reliance on *Hill v. United States*, No. A-06-CR-253-SS, 2016 U.S. Dist. LEXIS 171363 (W.D. Tex. Dec. 9, 2016) as support for his petition is misplaced.  In *Hill*, the United States District Court for the Western District of Texas initially vacated the petitioner's enhanced sentence under § 2255, applying *Mathis* and *Hinkle*.  However, on April 11, 2017, the district court vacated its previous order and entered a new order denying petitioner Hill's § 2255 motion on grounds that *Mathis*, and by extension *Hinkle*, had not been made retroactively applicable to cases on collateral review.  *Hill v. United States*, Nos. A-16-CA-1111-SS; A-06-CR-253-SS, 2017 U.S. Dist. LEXIS 55681, at *9 (W.D. Tex. Apr. 11, 2017).  Accordingly, the original December 2016 decision in *Hill* that was subsequently vacated by the district court does not constitute persuasive authority.

result. A separate order will be entered in Criminal No. 1:03cr93-WJG-4 denying the supplemental Motion [132] for the same reasons the Motion [94] in this case will be denied.

## II. DISCUSSION

A. Burts waived the right to seek post-conviction relief in his Plea Agreement, and the waiver is enforceable.

"As a general matter, . . . an informed and voluntary waiver of post-conviction relief is effective to bar [§ 2255] relief." *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). In limited circumstances, a waiver may not serve to bar post-conviction relief where the waiver itself, or the plea agreement generally, was tainted by the ineffective assistance of counsel. *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002).

The Supreme Court has held that the two-part standard stated in *Strickland v. Washington*, 466 U.S. 668 (1984), is applicable to ineffective assistance of counsel claims affecting the voluntariness of a plea or a waiver contained therein. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). To demonstrate ineffective assistance of counsel under *Strickland*, a defendant must show that the representation he received fell below an objective standard of reasonableness and that he suffered prejudice as a result. *Id.* "In deciding ineffective assistance claims, a court need not address both prongs of the conjunctive *Strickland* standard, but may dispose of such a claim based solely on a petitioner's failure to meet either prong of the test." *Amos v. Scott*, 61 F.3d 333, 348 (5th Cir. 1995).

11

"For the deficiency prong [of *Strickland*], counsel's performance is to be accorded 'a heavy measure of deference.'" *United States v. Rivas-Lopez*, 678 F.3d 353, 357 (5th Cir. 2012) (quoting *Cullen v. Pinholster*, 563 U.S. 170, 197 (2011)). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690.

As for the prejudice prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. "The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

"Surmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010). When a defendant knowingly and voluntarily waives his § 2255 rights in the process of plea bargaining, the defendant is bound by the agreement and a § 2255 motion is properly denied. *Wilkes*, 20 F.3d at 653; *see also United States v. Goudeau*, 512 F. App'x 390, 393 (5th Cir. 2013) (enforcing collateral review waiver notwithstanding petitioner's claims of ineffective assistance of counsel).

In his Plea Agreement [65], Defendant expressly waived "the right to contest the conviction and sentence or the manner in which the sentence was imposed in

any post-conviction proceeding, including but not limited to a motion brought under Title 28, United States Code, section 2255." Plea Agreement [65] at 4-5. Burts signed the Plea Agreement [65] confirming that he had either read it or had it read to him, had it explained to him by his attorney, understood it, and voluntarily agreed to and accepted it. *Id.* at 6.

During the change of plea hearing held on February 20, 2013, Burts indicated before the Court, under oath, that he read and understood the Plea Agreement [65], which included a clear waiver of the right to contest his conviction on any ground. The Assistant United States Attorney advised Burts that he was waiving his right to contest the conviction and sentence, or the manner in which the sentence was imposed, in any post-conviction proceeding. During the plea colloquy, the Court also reviewed the waivers with Burts, who attested that he understood specifically that he was giving up these rights.

Burts has not demonstrated that his explicit waiver in the written Plea Agreement [65], which was signed by Burts and his counsel, was not informed and voluntary. *See United States v. Sanchez Guerrero*, 546 F.3d 328, 335 (5th Cir. 2008) (finding a waiver to be both knowing and voluntary when the petitioner "indicated before the district court that he read and understood the plea agreement, which included a clear waiver of appellate rights, and acknowledged that he understood specifically that he was giving up his appellate rights"). Burts' § 2255 Motion [94] is therefore foreclosed by this specific waiver of the right to seek post-

13

conviction relief. *See United States v. Hoctel*, 154 F.3d 506, 508 (5th Cir. 1998) (citing *United States v. Melancon*, 972 F.2d 566, 567 (5th Cir. 1992)).

Burts alleges that the ineffective assistance of his counsel rendered the waiver of the ability to attack his sentence in his guilty plea invalid. His ineffective assistance claim stems from the failure of his counsel to challenge whether his prior convictions qualified as controlled substance offenses justifying a sentence enhancement under § 4B1.1 of the Guidelines or to inform him that he could not attack his sentence if the law changed in the future. *See* Mot. [95] at 2; Reply [98] at 2, 4.

Even accepting as true Burts' allegation that his attorney failed to inform him that he was waiving his right to file a § 2255 motion if the law changed in the future, the record conclusively reveals that Burts was informed of, and agreed to, the waiver of the right to contest his conviction and sentence *on any ground* both in writing and orally at the change-of-plea hearing. *See Wilkes*, 20 F.3d at 653 (quoting *Blackledge v. Allison,* 431 U.S. 63, 74 (1977)) ("Solemn declarations in open court carry a strong presumption of verity."). Furthermore, Burts concedes that any objection to the sentencing enhancement was foreclosed by Fifth Circuit precedent at the time. *See* Mot. [94] at 4-5; Mot. [95] at 9.

Burts has not shown any prejudice for this alleged deficient performance by counsel and has not alleged that, had counsel correctly informed him that the waiver would remain effective even if the law changed, he would have pleaded not

14

guilty and insisted on going to trial. In this case, the Court finds it unnecessary to address the first prong of the *Strickland* inquiry and resolve whether counsel's conduct fell below an objective standard of reasonableness, because the Court concludes that Burts' allegations are insufficient to satisfy the second prong of the *Strickland* analysis, the requirement that he suffer "prejudice."

The Court finds that Burts knowingly and voluntarily waived his § 2255 rights in the process of plea bargaining, and he is bound by the terms of the Plea Agreement. *See Wilkes*, 20 F.3d at 654. Because Burts has waived his right to contest his sentence, the Court need not address his Sixth Amendment argument. *See* Reply [98] at 1; *United States v. Bond*, 414 F.3d 542, 546 (5th Cir. 2005). Burts' § 2255 Motion should be denied for this reason, however, even if the Court found that Burts had not waived his ability to file the § 2255 Motion [94], it will nevertheless be denied because it is untimely.

B.  <u>Burts' Motion [94] is untimely under § 2255.</u>

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2241, *et seq.*, habeas applications filed by petitioners in federal custody are governed by a one-year limitations period. § 2255(f) provides that

> [t]he limitation period shall run from the latest of--
> (1)  the date on which the judgment of conviction becomes final;
> (2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the

>   Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

With respect to § 2255(f)(1), "[w]hen a defendant does not file a direct appeal, his conviction becomes final on the day when the time for filing a direct appeal expires." *United States v. Scruggs*, 691 F.3d 660, 669 (5th Cir. 2012). "In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of: (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal." Fed. R. App. P. 4(b)(1)(A).

Burts did not appeal the June 5, 2013, Judgment of Conviction [81], which became final when the time for filing a direct appeal expired. *Scruggs*, 691 F.3d at 669. Defendant does not dispute that his § 2255 Motion [94] was not filed within one year of the date on which his Judgment of Conviction [81] became final.

The Government does not advance a statute of limitations defense in its Response [97], nor has the Government expressly waived the defense or conceded the timeliness of the petition. *See United States v. Pierce*, 489 F. App'x 767 (5th Cir. 2012) (holding that untimeliness under § 2255(f) is an affirmative defense that the Government may deliberately waive). When the Government has forfeited a

16

statute of limitations defense by answering a habeas petition without contesting its timeliness, the Court is permitted, but not obligated, to dismiss the petition as untimely on its own initiative. *Day v. McDonough,* 547 U.S. 198, 202 (2006). However, "[a] court is not at liberty . . . to bypass, override, or excuse a State's deliberate waiver of a limitations defense." *Wood v. Milyard*, 566 U.S. 463, 463 (2012) (citing *Day*, 547 U.S. at 210 n.11). In this case, the Court finds that the Government has not deliberately waived the timeliness defense, and it will dismiss Burts' Motion [94] as untimely on its own initiative.

Burts' reliance on 28 U.S.C. § 2255(f)(3) or, alternatively, § 2255(f)(4) to extend the date upon which the one-year limitations period commenced is misplaced. *See* Mot. [94] at 1; Mot. [95] at 1. The Court is persuaded by the weight of authority that an extension of the limitations period is not warranted under § 2255(f)(3) because *Mathis* did not announce a new rule of statutory law made retroactively applicable to cases on collateral review. *See, e.g., United States v. Taylor*, 672 F. App'x 860, 864 (10th Cir. 2016); *Robles v. Willis,* No. EP-17-cv-88-KC, 2017 WL 1957066, at *2 (W.D. Tex. May 10, 2017); *United States v. Bermea*, No. 2:01-cr-15, 2017 WL 821787, at *2 (S.D. Tex. Mar. 2, 2017); *Sanchez-Sanchez v. United States*, No. 3:16-cv-1434-D, 2017 WL 477314, at *2 (N.D. Tex. Feb. 6, 2017); *Milan v. United States*, No. 3:16-cv-1850-D-BK, 2017 WL 535599, at *2 (N.D. Tex. Jan. 18, 2017).

17

§ 2255(f)(4) is also inapplicable because Burts has not alleged any newly-discovered facts supporting his claims that could not have been previously discovered through the exercise of due diligence. *See* 28 U.S.C. § 2255(f)(4). Burts alleges only that he discovered new law. *See Bowers v. Stephens*, No. 4:13-cv-413-A, 2013 WL 5651263, at *2 (N.D. Tex. Oct. 11, 2013) (finding that Supreme Court decisions cannot serve as the factual predicate for extending the statute of limitations for habeas claims).

The Court concludes that neither § 2255(f)(3) nor § 2255(f)(4) extend the limitations period in this case, and Burts' § 2255 Motion [94] is untimely under § 2255(f)(1) because it was filed more than one year after the Judgment of Conviction [81] became final.

### III.　CONCLUSION

Because the Motions [94], [95], the record, and the relevant legal authority conclusively show that Defendant is entitled to no relief, the Court finds that Burts' Motion [94] to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and Motion [95] for Relief under the Interests of Justice, filed pursuant to 28 U.S.C. § 2255, should be denied without an evidentiary hearing pursuant to Rule 4(b) of the Section 2255 Rules as barred by Burts' waiver of the right to seek post-conviction relief in the Plea Agreement [65] and as untimely under 28 U.S.C. 2255(f).

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Motion [94] to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and the Motion [95] for Relief under the Interests of Justice, filed pursuant to 28 U.S.C. § 2255 by Defendant Nikia Burts, are **DENIED.**

**SO ORDERED AND ADJUDGED**, this the 19th day of June, 2017.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE